

LAW OFFICES OF
*Gary B. Pillersdorf*
*and Associates, P.C.*
225 BROADWAY
NEW YORK, NEW YORK 10007-3001

TELEPHONE NO. (212) 406-4848
FAX NO. (212) 406-5884

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 11 2006 ★

TIME A.M. ____ P.M. ____

June 29, 2006

**VIA ELECTRONIC FILING**

Magistrate Judge Joan M. Azrack
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Yanouskiy v. Eldorado Logistics System Inc., et al
            Docket No.: 05-CV-2202 (SJ) (JMA)
            Our File No.: 03-07-1234

Dear Judge Azrack:

    This firm represents the plaintiff in the above wrongful death action. As the Court is already aware, defendants have previously moved to dismiss claiming lack of personal jurisdiction and other grounds. The court previously permitted plaintiff discovery limited to the jurisdictional issues. Defendant ultimately provided the responses to plaintiff's interrogatories on May 5, 2006. The briefing schedule of this motion has been adjusted several times in the past to reflect and accommodate the needs of both parties.

    Since the last time the Court was contacted with regard to this motion several issues have arisen that plaintiff believes have significant bearing on the matter, and plaintiff is now requesting that the Court adjust the briefing schedule again to address these issues.

    Since receiving defendant's responses to plaintiff's interrogatories, plaintiff has learned the identity of several parties heretofore unknown, including the company that employed the truck driver Ravinder Singh Heer; the identity of the two separate companies that were involved in leasing the trailer portion of the rig to the named defendant, and the company with which the named defendants entered into an owner operator lease agreement for the cab of the truck. Additionally, those responses by counsel have provided greater information about the status of the companies named in this action, the locations where they were incorporated and some information regarding the areas in which they allege to conduct business.

LAW OFFICES OF

*Gary B. Pillersdorf*
*and Associates, P.C.*

      Upon review of this information, the plaintiff, while still of the belief that the Federal District Court in New York in fact does have jurisdiction over the parties and provides a proper venue for this case, has become convinced that the Federal Court in Nebraska may also be an appropriate forum for this case. Thus we have proposed that the parties request that this Court so order a stipulation to transfer this matter to the Federal Court in Nebraska, the forum initially suggested by defense counsel as the most appropriate forum for this case. However, plaintiff has recently been informed by defense counsel that his clients now do not want to consider such a stipulation and instead demand that the Court rule on the pending motion to dismiss. Thus, plaintiff is now forced to ask the Court again to adjust the briefing schedule on this matter so that we may reconsider our papers and more fully brief the issue of this Court's authority to fashion alternative resolutions to defendants' motion, and include a more full discussion of either a Court ordered transfer of this action, or an order granting the plaintiff leave to re-file this matter in an alternate jurisdiction since the statute of limitations in the alternative jurisdictions have lapsed during the course of this litigation.

      Further complicating the issues of jurisdiction and venue presently before the Court, the plaintiff has also now learned that a second lawsuit has been filed with regard to this matter, which could have a significant influence on the way this Court resolves the pending venue and jurisdiction issues. More specifically, as your honor is already aware the plaintiff in this case was a driver of a vehicle, which was struck by a tractor-trailer, causing the plaintiff's vehicle to crash into a roadway divider and catch on fire. The plaintiff was burned to death as a result of that crash and a passenger in the plaintiff's vehicle escaped with her life but suffered significant personal injuries. It has come to the plaintiff's attention that the injured passenger has now filed suit under case number 05 5823, naming the three defendants in this action and further naming Yuriy Yanounskiy as administrator of the estate of Vitaliy Stanitskyy, the plaintiff decedent in this matter; and also Thunder Transportation, decedent's employer. As these lawsuits undoubtedly stem from the same underlying actions and involve essentially the same parties, the plaintiff would like to request that the Court grant plaintiff permission to move to join those two lawsuits. Further, plaintiff asks that defendants' motion to dismiss be held in abeyance until the motion to consolidate is resolved since it is likely that the addition of this related claim and Yuriy Yanouskiy as a defendant in that claim may well affect this Court's decision regarding the appropriate jurisdiction and venue for this matter.

      Thank you for your consideration of all the issues presented. Based on the foregoing plaintiff now asks the Court to grant the plaintiff permission to move to join the actions as addressed above, and allow such joinder to be determined prior to finalizing the briefing schedule on this motion to dismiss; or alternatively to allow plaintiff to adjourn the briefing schedule of the pending motion to allow plaintiff's counsel more time to consider the alternative relief addressed above. Specifically, the Plaintiff would ask the Court to so order a new briefing schedule which would allow plaintiff until July 21st to put in opposition to the motion currently outstanding and grant defense counsel until August 4th to put in reply papers.

LAW OFFICES OF

*Gary B. Pillersdorf*
*and Associates, P.C.*

Finally, in fashioning the appropriate relief to plaintiff's request made in this letter, the plaintiff would also like to bring to the Court's attention that the parties to this suit have also been independently attempting to discuss coming to some amicable resolution to this matter, and in fact plaintiff and defense counsel have been discussing the possibility of mediating this case, in an attempt to facilitate such a resolution.

Accordingly, it is respectfully requested that the Court grant this extension.

Thank you for your consideration of this matter. If you have any questions, please contact me at your convenience.

Very truly yours,

ANDREW H. PILLERSDORF (2852)

AHP/mcv

cc: David Abrams, Esq.
Strongin Rothman & Abrams, LLP
50 Broadway, Suite 2003
New York, NY 10004
File No.: 810-3012

> Plaintiff's application for additional time to respond to the motion is granted. Plaintiff's papers are due July 21 and def is granted additional time for a reply. Plaintiff's application to consolidate should await disposition of the motion to dismiss.
> So Ordered
> s/JMA
> 7/11/06
> USMJ