UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

YURIY YANOUSKIY, as Administrator of the Estate of VITALIY STANITSKYY, deceased,

Plaintiff,

- against -

ELDORADO LOGISTICS SYSTEMS, INC., RAVINDER SING HEER and STOUGHTON TRAILERS LLC,

Defendants.

-----------------------------------------------------------X

**MEMORANDUM AND ORDER**

1:05-cv-2202-ENV-JMA

VITALIANO, D.J.

This is a wrongful death action that arises out of a motor vehicle accident involving two tractor-trailers. The collision occurred in Kearney, Nebraska. One of the trucks was driven by a New Yorker and the other by a Canadian citizen. The New York driver perished in the accident and his estate seeks to sue the other truck's driver, owner, and manufacturer in the Eastern District of New York even though none of the defendants reside in New York, do business in New York, or have any immediately apparent connections to New York. Defendants have moved to dismiss for lack of personal jurisdiction or, alternatively, for improper venue. For the reasons stated below, this Court holds that it lacks personal jurisdiction over defendants but that the action should be transferred, in the interests of justice, to the United States District Court for the District of Nebraska, where jurisdiction and venue are proper.

**Background**

On June 4, 2003, Vitaliy Stanitskyy ("Stanitskyy") was killed when his tractor-trailer collided with another tractor-trailer operated by Ravinder Singh Heer ("Heer"). The accident occurred on Interstate 80 in Kearney, Nebraska. At the time of the accident, Nataliya Parshina was a passenger in Stanitskyy's vehicle. She survived the crash and has brought a separate suit in this district against all of the parties to this action.

Plaintiff Yuriy Yanouskiy ("Yanouskiy"), as administrator of the estate of Stanitskyy, initiated this wrongful death action against defendants Eldorado Logistics Systems, Inc. ("Eldorado") and Heer on May 5, 2005. On June 3, 2005, plaintiff's complaint was amended and Stoughton Trailers, LLC ("Stoughton") was added as a defendant. The amended complaint alleges that Heer was negligent in his operation of the tractor-trailer. Defendants Eldorado and Stoughton are alleged to have employed Heer and/or owned, leased, maintained, managed and controlled the tractor-trailer that he operated.

Yanouskiy, the administrator, is alleged to be a resident of Westchester County, New York. He was appointed administrator by the Surrogate's Court in Kings County, New York, where Stanitskyy, the decedent, is alleged to have been a resident.

Plaintiff's June 3, 2005 amended complaint contains no factual allegations to support its assertion of personal jurisdiction over defendants. Defendants answered the amended complaint on August 12, 2005. In that answer, defendants asserted a number of affirmative defenses, including lack of personal jurisdiction, improper venue, and *forum non coveniens*. On September 12, 2005, Magistrate Judge Joan M. Azrack set a briefing schedule for defendants' motion to

dismiss for lack of personal jurisdiction or, alternatively, for improper venue, pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3). On January 9, 2006, Magistrate Judge Azrack ordered limited discovery on the jurisdictional issues raised by defendants' motion.

**Legal Standard**

On a 12(b)(2) motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to show that this Court has jurisdiction over the defendant. Kernan v. Kurz-Hastings, Inc., 175 F.3d 236, 240 (2d Cir. 1999). "In the instant case-where the parties have conducted extensive discovery regarding the defendant's contacts with the forum state, but no evidentiary hearing has been held-'the plaintiff's prima facie showing, necessary to defeat a jurisdiction testing motion, must include an averment of facts that, if credited by [the ultimate trier of fact], would suffice to establish jurisdiction over the defendant.'" Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996) (quoting Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990)) (alteration in original).

**Personal Jurisdiction**

Plaintiff invokes this Court's subject matter jurisdiction based on diversity of citizenship. 28 U.S.C. § 1332. In diversity cases, this Court determines whether it has personal jurisdiction over a defendant by applying the law of the state in which it sits – New York. DiStefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84 (2d Cir. 2001).

I. *General Jurisdiction*

Under New York law, a foreign corporation is subject to general jurisdiction when it is "doing business" in the state. N.Y. C.P.L.R. § 301 (codifying New York caselaw that utilizes the

"doing business" standard). A foreign corporation is "doing business" in New York when it is "engaged in such a continuous and systematic course of 'doing business' here as to warrant a finding of its 'presence' in this jurisdiction." McGowan v. Smith, 52 N.Y.2d 268, 272, 437 N.Y.S.2d 643, 645, 419 N.E.2d 321, 323 (1981) (quoting Simonson v. Int'l Bank, 14 N.Y.2d 281, 285, 251 N.Y.S.2d 433, 200 N.E.2d 427 (1964)). Such a course of doing business must not be occasional or casual, "but with a fair measure of permanence and continuity." Laufer v. Ostrow, 55 N.Y.2d 305, 310, 449 N.Y.S.2d 456, 458, 434 N.E.2d 692, 694 (1982) (quoting Tauza v. Susquehanna Coal Co., 220 N.Y. 259, 267, 115 N.E. 915 (1917)). In determining whether a foreign corporation is doing business in New York, courts have traditionally focused on factors such as "whether the company has an office in the state, whether it has any bank accounts or other property in the state, whether it has a phone listing in the state, whether it does public relations work there, and whether it has individuals permanently located in the state to promote its interests." Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 98 (2d Cir. 2000) (citations omitted). If a New York court finds that it has general jurisdiction over a foreign corporation, then that corporation may be dragged into the court for matters wholly unrelated to its activity in New York. Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 198 (2d Cir. 1990). Accordingly, the "doing business" standard has, for practical reasons, been applied stringently. Jacobs v. Felix Bloch, 160 F. Supp. 2d 722, 731 (S.D.N.Y. 2001).

A. *Eldorado*

Eldorado is a Canadian corporation with its principal place of business located in Belle River, Ontario. It is a trucking company engaged in the business of transporting goods. The

record reveals that Eldorado has very limited contacts with New York. Specifically, Eldorado: (i) has never been licensed or authorized to do business in New York; (ii) has no agent for service of process in New York; (iii) has never had any offices, employees, or agents in New York; (iv) has never had any telephone listings or bank accounts in New York; (v) has never rented or owned property in New York; (vi) has never advertised or solicited business in New York; and (vii) has not made a single pickup or delivery in New York from 2005 to the present.

In opposing defendants' motion to dismiss, plaintiff has for the first time put forth the factual bases supporting his assertion of jurisdiction over Eldorado. Plaintiff argues that Eldorado is doing business in New York because its website, which is accessible in New York, claims that Eldorado delivers goods "coast to coast" and that Eldorado is North America's fastest growing trucking company. The website further contains Eldorado's contact information and allows anyone to send a message to Eldorado.

It has often been held that the mere existence of a website accessible within New York is insufficient to establish general jurisdiction over a defendant here. Reers v. Deutsche Bahn AG, 320 F. Supp. 2d 140, 155 (S.D.N.Y. 2004); In re Ski Train Fire in Kaprun, Austria on Nov. 11, 2000, 230 F. Supp. 2d 376, 383 (S.D.N.Y.2002); Rodriguez v. Circus Circus Casinos, Inc., No. 00 Civ. 6559(GEL), 2001 WL 21244, at *2 (S.D.N.Y. Jan. 9, 2001); Drucker Cornell v. Assicurazioni Generali S.p.A., Nos. 97 Civ. 2262(MBM), 98 Civ. 9186(MBM), 2000 WL 284222, *1 (S.D.N.Y. Mar. 16, 2000) ("A firm does not 'do[ ] business' in New York simply because New York citizens can contact the firm via the worldwide web.") (alteration in original). Here, plaintiff offers little more. Copies of the entire two pages that are currently viewable on

Eldorado's website conform to the allegation put forth by plaintiff that anyone in New York may send Eldorado a message. Specifically, the website contains a contact information page where viewers may leave their e-mail address and a short message, both of which will presumably be transmitted to Eldorado after the viewer clicks "submit query." However, the mere ability to contact defendant, standing alone, establishes nothing for purposes of this Court's general jurisdiction analysis. Plaintiff puts forth no evidence that a visitor to the website may order, arrange a delivery, or conduct any actual commerce. The mere existence of a rudimentary website cannot raise a viable issue as to whether this Court has general jurisdiction over Eldorado. Even more telling, after being given time for discovery on Eldorado's New York contacts, plaintiff offers nothing more. Accordingly, this Court cannot find that it has general jurisdiction over Eldorado.

B. *Stoughton*

Stoughton is a Wisconsin corporation with its principal place of business in Stoughton, Wisconsin. Stoughton is engaged in the business of manufacturing and selling trailers. The record before the Court reveals that Stoughton: (i) has never been licensed or authorized to do business in New York; (ii) has no agent for service of process in New York; (iii) has never had any offices, plants, or facilities in New York; (iv) has never had employees or agents in New York; (v) has never had any telephone listings or bank accounts in New York; and (vi) has never rented, owned, used, or otherwise possessed any real or personal property in New York. Further, the trailer involved in the fatal accident which gave rise to this action was not manufactured, sold, or leased in New York.

In opposing defendants' motion to dismiss, plaintiff has for the first time put forth the factual bases supporting his assertion of jurisdiction over Stoughton. Plaintiff claims that several pages on Stoughton's website provide evidence that Stoughton is doing business within New York.

Stoughton's website allows a viewer to find the contact information of four dealers that sell Stoughton trailers to New York residents. The first source is Stoughton itself, in Wisconsin. The latter sources are three independent dealers, two of which are in New York and one of which is in Parsippany, New Jersey. Based on the presence of the two independent dealerships in New York, plaintiff asks this Court to find that Stoughton is present in New York.

However, New York law is clear on this point. A foreign corporation is not present in New York merely because an independent agency sells its products here, "however substantial in amount the resulting orders." Laufer v. Ostrow, 55 N.Y.2d 305, 310-11, 449 N.Y.S.2d 456, 459, 434 N.E.2d 692, 695 (1982); McShan v. Omega Louis Brandt et Frere, S.A., 536 F.2d 516, 517-18 (2d Cir. 1976) ("[S]ales, no matter how substantial, of a foreign manufacturer's product in New York through an independent agency do not make the foreigner amenable to suit in New York, even though the products are advertised in local media."). Thus, as Professor David Siegel has observed, New York law in this area can lead to seemingly counterintuitive results, like the Court of Appeals finding that the German Volkswagen Corporation is not present in New York for purposes of general jurisdiction despite thousands of its vehicles being present on New York highways. David D. Siegel, New York Practice § 83 (4th ed. 2005) (citing Delagi v. Volkswagenwerk AG, 29 N.Y.2d 426, 328 N.Y.S.2d 653, 278 N.E.2d 895 (1972)). To allege an

adequate basis of jurisdiction, plaintiff must point to something more.

Plaintiff next argues that the New York dealerships are not independent entities, but are instead agents of Stoughton. Plaintiff's contention is belied by the evidence before this Court. The New York dealerships are not Stoughton-run dealerships or franchisees. Stoughton's website clearly indicates this by listing each dealer under the heading "company," thus imparting their separateness from Stoughton. The evidence shows that Stoughton had no ownership interest in these dealerships and exercised no control over them. The contracts between Stoughton and the dealers expressly disclaim an agency relationship.

> **Independent Contractors**. The relationship of Seller and Buyer shall be that of independent contractors. There is no relationship of agency, partnership, joint venture, employment or franchise between the parties. Neither party has the authority to bind the other or to incur any obligation on its behalf or to represent itself as the other's agent or in any way which might result in confusion as to the fact that the parties are separate and distinct entities.

Pl.'s Opp. to Defs.' Mot. Dismiss, Ex. F at 17-18. After having time for discovery, plaintiff has come forth with no facts to support his assertion that the local dealerships acted as agents of Stoughton. Instead, plaintiff asks this Court to ignore relevant New York precedent by finding that the local dealerships act as agents of Stoughton because they are "working with consent to promote Stoughton products, their business interests, and that Stoughton is deriving substantial benefit from their actions." Pl.'s Aff. in Opp. To Defs.' Mot. Dismiss ¶ 14. This Court is unpersuaded as the same can be said of almost any manufacturer-dealer relationship. The critical element in the agency analysis, control, is not present here and plaintiff makes no allegation that Stoughton exercises control over the local dealerships that sell its products. See Selman v.

Harvard Med. Sch., 494 F. Supp. 603, 611 (S.D.N.Y. 1980). Based on the evidence before it, then, this Court cannot find that it has general jurisdiction over Stoughton merely because independent dealerships sell Stoughton's products in New York.

Plaintiff also contends that Stoughton does business in New York through its website. However, the record reveals that Stoughton's website does not allow buyers to directly purchase Stoughton's products. The website contains information about Stoughton's products as well as an inventory search device, but a customer cannot actually make a purchase through the website. Instead, further communication must be made to place an order. New York courts have consistently held that a foreign corporation is not subject to general jurisdiction in New York merely because it solicits business here. Laufer, 55 N.Y.2d at 310; Miller v. Surf Props., 4 N.Y.2d 475, 480, 176 N.Y.S.2d 318, 321, 151 N.E.2d 874, 876 (1958); Sedig v. Okemo Mountain, 204 A.D.2d 709, 710, 612 N.Y.S.2d 643, 644 (2d Dep't 1994). The foreign corporation must do more; it must engage in "activities of substance." Laufer, 55 N.Y.2d at 310. Thus, under what is referred to as the "solicitation-plus" doctrine, jurisdiction may be found if the foreign corporation's "solicitation is substantial and continuous, and defendant engages in other activities of substance in the state." Landoil Res. Corp v. Alexander & Alexander Servs. Inc., 918 F.2d 1039, 1043-44 (2d Cir. 1990).

Here, even if the Court were to find that the content of Stoughton's website constitutes solicitation, such solicitation still would not rise to the substantial level necessary to support a finding that Stoughton is present in New York for jurisdictional purposes. When determining whether solicitation is substantial, courts have often looked to the percentage of a foreign

corporation's revenue that is attributable to New York. Overseas Media, Inc. v. Skvortsov, 407 F. Supp. 2d 563, 569 (S.D.N.Y. 2006). In so doing, courts have generally found that a foreign corporation is not present in New York where the corporation derives less than 5% of its overall revenue from New York customers. Schottenstein v. Schottenstein, No. 04 Civ. 5851(SAS), 2004 WL 2534155, *11 n.114 (S.D.N.Y. Nov. 8, 2004). These courts have stressed revenue as a percentage of overall sales even in instances where the foreign corporation's revenue from New York customers, in absolute terms, has been sizeable. See, e.g., Stemcor USA, Inc. v. Sharon Tube Co., No. 00 Civ. 9186(DLC), 2001 WL 492427, at *1-2 (S.D.N.Y. May 8, 2001) (holding that the Court did not have general jurisdiction over a defendant whose sales to New York customers in 1999 were $741,900.27 or .58% of overall sales, and in 2000 were $926,011.43 or .73% of overall sales); Bank of Taiwan v. Ulti-Med Int'l, Inc., No. 95 Civ. 5657(JFK), 1996 WL 502411, at *2 (S.D.N.Y. Sep. 4, 1996) (holding that the Court did not have general jurisdiction over a defendant whose New York sales in 1995 were $260,000 or 2.8% of overall sales); Pellegrino v. Stratton Corp., No. 87-cv-549, 1989 WL 10726, at *4 (N.D.N.Y. Feb. 9, 1989) (holding that the Court did not have general jurisdiction over a defendant where plaintiff asserted that defendant's New York sales over a three-year period were $1,300,000 or approximately 1% of overall sales); New England Laminates Co. v. Murphy, 79 Misc.2d 1025, 1026-27, 362 N.Y.S.2d 730, 733-35 (Sup. Ct. Nassau County 1974) (holding that the Court did not have general jurisdiction over a defendant whose approximate yearly New York sales were $400,000

or 4% of overall sales).[1]

The evidence that Stoughton lacks presence in New York is overwhelming. Stoughton has submitted an affidavit indicating that in 2005, the year in which this action was brought, its overall sale of trailers totaled 17,652 units generating revenue of $298,169,989.00. Of those trailers, 22 units were sold into New York and they generated revenue of $402,410.00. Thus, in 2005, New York sales represented .13 % of Stoughton's overall sales. This figure represents Stoughton's sales into New York from all sources, including those dealerships that the Court has found to be independent in the first place. More critically, plaintiff does not contest the sales data. In fact, after discovery, plaintiff offers nothing to show that Stoughton's activity in New York is more substantial than the numbers would suggest. Given Stoughton's small percentage of New York sales and plaintiff's failure to put forth any facts (or even argument) from which this Court could conceivably find in its favor, the Court has no choice but to conclude that Stoughton's solicitation was not substantial, as that term is used in caselaw relating to N.Y. C.P.L.R. § 301.

Plaintiff, moreover, has failed to allege any of the classic indicia that Stoughton is doing business in New York, e.g., offices, employees, mailing addresses, telephones, bank accounts, or property in New York. Plaintiff, therefore, has failed to carry its burden of averring facts upon which a factfinder could find jurisdiction. In the absence of such a showing or even compelling

---

[1] Though this Court adopts the approach generally applied in this Circuit, it notes that the "doing business" standard is a pragmatic one that rests on no single factor and when a foreign corporation's sales in New York become so large, the number of sales in other jurisdictions (which reduce the New York sales' percentage) becomes less relevant. See Omni Consulting Group, Inc. v. Marina Consulting, Inc., No. 01-cv-511, 2004 WL 1946456, *6 (W.D.N.Y. Aug. 31, 2004). This, however, is not such a case.

argument, this Court cannot and will not find that it has general jurisdiction over Stoughton.

C. *Heer*

Defendant Ravinder Singh Heer is a citizen of Canada and is domiciled in Brampton, Ontario. Plaintiff does not dispute Heer's domicile or allege that Heer has any contacts with New York. It is thus undisputed that Heer does not reside, work, transact business, or own property in New York. In such a case, the Court can find no conceivable basis of general jurisdiction over Heer. See Shakour v. Fed. Republic of Germany, 199 F. Supp. 2d 8, 15 (E.D.N.Y. 2002).[2] With plaintiff offering nothing more, the Court cannot find that it has general jurisdiction over Heer.

II. *Long-Arm Jurisdiction*

Plaintiff does not argue that jurisdiction over defendants is proper under New York's long-arm statute, N.Y. C.P.L.R. § 302. The Court notes very briefly then that jurisdiction under N.Y. C.P.L.R. § 302(a)(1) is improper. Section 302(a)(1) allows for jurisdiction over a nondomiciliary as to causes of action which arise out of the nondomiciliary's transaction of business within New York. Deutsche Bank Secs., Inc. v. Mont. Bd. of Invs., 7 N.Y.3d 65, 71, 818 N.Y.S.2d 164, 166-67, 850 N.E.2d 1140, 1142 (2006). "Essential to the maintenance of a suit against a nondomiciliary under CPLR 302(a)(1) is the existence of some articulable nexus between the business transacted and the cause of action sued upon." McGowan v. Smith, 52

---

[2] In Shakour, Judge Spatt noted that the New York Court of Appeals has never decided whether, under N.Y. C.P.L.R. § 301, the "doing business" basis of jurisdiction may be applied to an individual. 199 F. Supp. 2d at 15. Here, as in Shakour, it would not matter because there is no evidence that Heer or the foreign corporation for which he worked was "doing business" in New York.

N.Y.2d 268, 272, 437 N.Y.S.2d 643, 645, 419 N.E.2d 321, 323 (1981); Kronisch v. United States, 150 F.3d 112, 130 (2d Cir. 1998). The instant cause of action arises out of an accident that occurred in Nebraska. Defendant Heer was in the midst of transporting cargo from Ogden, Utah to Oshawa, Ontario. Plaintiff fails to put forth an even arguable basis of jurisdiction under Section 302(a)(1). Defendant Heer was not transporting a shipment to or from New York and his trailer was not manufactured, sold, or leased in New York. Given such circumstances, this Court cannot find that the accident was in any way related to defendants' business contacts or transactions in New York. See Lancaster v. Colonial Motor Freight Line, Inc., 177 A.D.2d 152, 158, 581 N.Y.S.2d 283, 287 (1st Dep't 1992) (finding no Section 302(a)(1) jurisdiction where an accident occurred in South Carolina despite plaintiff's allegation that defendant trucking company's fleet had in the past shipped goods to New York).

Jurisdiction under N.Y. C.P.L.R. § 302(a)(3) is also improper. Section 302(a)(3) allows for jurisdiction over a nondomiciliary who "commits a tortious act without the state causing injury to person or property within the state." However, it is well-settled that a plaintiff's New York residence does not suffice to establish injury within New York state; instead, the infliction of injury must actually occur within the state. McGowan, 52 N.Y.2d at 274-75. Accordingly, jurisdiction cannot here lie under Section 302(a)(3) and the Court must conclude that plaintiff has asserted no valid basis of jurisdiction over defendants.

**Consequence of Lack of Personal Jurisdiction**

Due to his improper assertion of jurisdiction, plaintiff may not pursue this case in the Eastern District of New York. The only remaining issue is whether this Court should dismiss

this action or instead transfer the case in the interests of justice. Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Lack of personal jurisdiction is one of the defects to which 28 U.S.C. § 1406 is addressed, Sinclair v. Kleindienst, 711 F.2d 291, 294 (D.C. Cir. 1983), and it is soundly within the court's discretion whether to dismiss or transfer this action. See Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993). Dismissal is a severe penalty that will not ordinarily be imposed where, as here, the statute of limitations has run and plaintiff's claim will be essentially extinguished. See Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408, 435 (2d Cir. 2005). There are exceptions though. Transfer is inappropriate if the case unquestionably lacks merit, see id. at 436, was brought with knowledge that venue was improper, or would otherwise "reward plaintiffs for their lack of diligence in choosing a proper forum." Spar, Inc. v. Info. Res., Inc., 956 F.2d 392, 394 (2d Cir. 1992). This Court has a duty to inquire into the circumstances under which a claim was filed because to otherwise rubberstamp transfers would encourage improper filings that waste a court's time and resources.

Here, the jurisdictional issue was resolved only after plaintiff had been given the opportunity for limited discovery so that plaintiff could ascertain the extent of defendants' contacts with New York. Magistrate Judge Azrack's decision to grant limited discovery is consistent with this Court's conclusion that plaintiff had at least a tenable basis upon which to believe at the time of filing that general jurisdiction over defendants was proper in the Eastern District of New York. Plaintiff attests that he acted in good faith, relying upon defendants'

promotional materials and websites. In finding that plaintiff did not willfully file in an improper venue, the Court also recognizes the time constraints under which plaintiff was acting as he was appointed administrator just 90 days before the statute of limitations was to expire. Based on these facts, the Court concludes that a transfer rather than dismissal best serves the interests of justice.

Both parties have conceded at points during this litigation that Nebraska would be the most convenient alternative venue in which to continue this action. Defendants have conceded that Nebraska's long-arm statute would provide jurisdiction over them because the accident occurred within that state. Neb. Rev. Stat. § 25-536(c). Defendants have further conceded that Nebraska law allows for wrongful death and survival actions.[3] Nebraska is unquestionably a proper venue under 28 U.S.C. § 1391(a)(2). It is also the most convenient venue. The accident occurred there and law enforcement officials in Nebraska have submitted affidavits (through defendants) stating that they and their agencies would be greatly inconvenienced if they were forced to travel to another state to give testimony. In a similar case involving a New York driver suing a trucking company and driver for an accident that occurred in a state where none of the parties were residents, a judge of this Court observed that the situs of the accident was the logical transferee court "as the situs of the Plaintiffs' injuries [was] the sole basis of the relationship between the parties, and to the extent that there are witnesses of the collision or a need to examine the situs." See Jimenez v. Daniel, No. 05 Civ. 3524(NGG), 2006 WL 2464881, at *4 (E.D.N.Y. Aug. 23, 2006). Finally, the Court has taken into consideration plaintiff's statement in

[3] This Court takes no view on what state's substantive law may apply in this action.

a letter dated June 29, 2006 that the District of Nebraska would be an appropriate venue. In consideration of all of these facts, the Court concludes that the interests of justice are best served by transferring this case to the United States District Court for the District of Nebraska.

**Conclusion**

For the foregoing reasons, this Court finds that it lacks personal jurisdiction over defendants. However, the Court concludes that its lack of jurisdiction does not warrant dismissal and that transfer, pursuant to 28 U.S.C. § 1406(a), is in the interests of justice. The District of Nebraska is a venue in which this action could have been brought and is also the most appropriate alternative venue. The action is therefore transferred to the United States District Court for the District of Nebraska and the Clerk of the Court is directed to take all steps necessary to effectuate this transfer.

**SO ORDERED.**

Dated: Brooklyn, New York
October 19, 2006

ERIC N. VITALIANO
United States District Judge