IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| YURIY YANOUSKIY, as Administrator of the Estate of VITALIY STANITSKYY, deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | 8:06CV674 |
| v. | ) ) | |
| ELDORADO LOGISTICS SYSTEM, INC., RAVINDER SINGH HEER, STOUGHTON TRAILERS LLC., and THUNDER TRANSPORTATION CO., a corporation, | ) ) ) ) ) ) | MEMORANDUM OPINION |
| Defendants. | ) ) | |

This matter is before the Court on a motion for summary judgment filed by defendant Stoughton Trailer ("Stoughton") (Filing No. 71), and a motion for summary judgment filed by defendants Eldorado Logistics System Inc. ("Eldorado"), Ravinder Singh Heer ("Heer"), and Stoughton (collectively, "defendants") (Filing No. 72). Having reviewed the motions, the parties' submissions, and the applicable law, the Court finds that defendants' motion should be granted and Stoughton's motion should be denied as moot.

**STANDARD OF REVIEW**

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c);

*Philip v. Ford Motor Co.*, 328 F.3d 1020, 1023 (8th Cir. 2003). The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(quoting Fed. R. Civ. P. 56(c)). The proponent need not, however, negate the opponent's claims or defenses. *Id*. at 324-25.

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)(quoting Fed. R. Civ. P. 56(e)). A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts." *Id*. at 586. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id*. at 249-50 (citations omitted).

**BACKGROUND**

This case arises out of an automobile accident that occurred on I-80 near Kearney, Nebraska, on June 4, 2004. Two tractor-trailers, one driven by plaintiff's decedent, Stanitskyy, and the other by defendant Heer, collided. Heer was an employee of Eldorado and was operating the tractor-trailer within the scope of his employment when the accident occurred. The second amended complaint (Filing No. 62) alleges that Heer lost control of the tractor-trailer he was operating, causing it to roll and block two lanes of the interstate. Decedent Stanitskyy, who was employed by defendant Thunder Transportation Co. and was operating the tractor-trailer in the scope of his employment, collided with the overturned tractor-trailer. Both vehicles started on fire, resulting in the death of Stanitskyy. Defendant Eldorado owned the tractor that was driven by Heer at the time of the accident. Defendant Stoughton's wholly owned subsidiary, Stoughton Trailers Canada Corp. ("STAC"), owned the trailer and was leasing it to Eldorado at the time of the accident.

Plaintiff Yanouskiy, the administrator of Stanitskyy's estate, filed an action against defendants, Eldorado and Heer, in the United States District Court for the Eastern District of New York. Plaintiff amended the complaint to add defendant Stoughton, a Wisconsin corporation, and later amended the complaint again to add Thunder, a New Jersey corporation, as a

defendant for workers' compensation subrogation purposes only. The district court determined it did not have personal jurisdiction over the defendants and transferred the case to this Court.

## DISCUSSION

I.   **Subject Matter Jurisdiction**

Defendants Eldorado, Heer and Stoughton filed a motion for summary judgment on the ground that the Court lacks subject matter jurisdiction because there is not complete diversity between the parties to the action (Filing No. 72).  As a initial matter, plaintiff argues that defendants' challenge to subject matter jurisdiction is improperly stylized as a summary judgment motion, rather than a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  The Court agrees.  *See Raper v. State of Iowa*, 940 F. Supp. 1421, 1423 (S.D. Iowa 1996); *see also Broussard v. United States*, 989 F.2d 171, 177 (5th Cir. 1993) and 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1350 (stating "a Rule 56 motion for summary judgment [is an] inappropriate [method] for challenging the district court's subject matter jurisdiction.").  The Court will convert defendants' summary judgment motion to a motion to dismiss for lack of subject matter jurisdiction, and any dismissal entered will be without prejudice.  *Raper,* 940 F. Supp. At 1423.

The Court now turns to the merits of defendants' challenge to subject matter jurisdiction. Under 28 U.S.C. § 1332:

> [t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.
>
> For the purposes of this section, section 1335, and section 1441, an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled.

28 U.S.C. § 1332(a). As plaintiff is the administrator of an estate, the citizenship of plaintiff's decedent at the time of his death is the relevant inquiry for purposes of diversity jurisdiction. *Id*. at § 1332(c)(2). The second amended complaint alleges, and there is no evidence to the contrary, that Stanitskyy was a citizen of Ukraine at the time of his death.

Therefore, for diversity purposes, plaintiff shall be deemed to be a citizen of Ukraine.[1]

At the time of filing, which is the appropriate time to determine whether diversity jurisdiction exists, the complaint named only two defendants, Eldorado and Heer.  Both Eldorado, a Canadian corporation, and Heer are Canadian citizens for purposes of diversity jurisdiction.  Thus, at the time of filing, complete diversity was lacking under § 1332.  However, plaintiff later amended the complaint to name Stoughton, a Wisconsin corporation, and Thunder, a New Jersey corporation, as defendants.  Thunder was named a defendant for workers' compensation subrogation purposes only.  The Court will assume that these amendments relate back pursuant to Fed. R. Civ. P. 15, and thus, "jurisdiction is assessed as if the amendment had taken place at the time the complaint was first filed."  *LeBlanc v. Cleveland*, 248 F.3d 95, 99-100 (2d Cir. 2001); 61B Am. Jur. 2d Pleading

---

[1] In his opposition to defendants' motion for summary judgment, plaintiff claims that he should be given more time to determine whether Stanitskyy had legal status in the United States, such that he would be considered a New York citizen for diversity purposes.  The plaintiff bears the burden of proving the existence of subject matter jurisdiction.  *Riley v. United States*, 486 F.3d 1030, 1031-32 (8th Cir. 2007)(quoting *Green Acres Enters., Inc. v. United States*, 418 F.3d 852, 856 (8th Cir. 2005)).  Plaintiff has not met this burden because he has presented the Court with no evidence contradicting his explicit statement in the second amended complaint that Stanitskyy was a citizen of Ukraine.  Therefore, the Court must deem plaintiff to be a citizen of a foreign state for diversity jurisdiction purposes.

§ 804.

Thus, the alignment of the parties in this case for diversity jurisdiction purposes, is one alien plaintiff versus two alien defendants and two United States citizens.  In addition, the Court notes that the two principle defendants in this case are the alien defendants, Herr and Eldorado.  This is so because Thunder was named a defendant for workers' compensation subrogation purposes and, as alleged in the second amended complaint, plaintiff's claim against Stoughton is premised on vicarious liability based on the actions of Herr and Eldorado.[2]  Regardless, the Court finds subject matter jurisdiction lacking.  Title 28, U.S.C. § 1332(a) does not provide for diversity jurisdiction in this situation.  "[W]hen one side of the litigation has only foreign parties and the other side a mixture of foreign and domestic parties, jurisdiction fails, not for lack of complete 'diversity,' but because there is no jurisdictional 'pigeonhole' in Section 1332(a) in which the case will fit."  *Chiu v. Au*, No. 02 C 7172, 2003 WL 21251964, at *3 (N.D. Ill. 2003)(citing *Allendale Mutual Ins. Co. v. Bull Data*

---

[2] 14A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3661 (3d ed. 1998) states: "the plaintiff should not be permitted to generate subject-matter jurisdiction over a dispute that is basically between foreign nationals simply by joining diverse American citizens.  Thus, the district court must dismiss the action if it determines that the true adverse or interested parties in the dispute are the aliens, or that diversity between the United States citizens in the action is not otherwise complete."

*Systems, Inc.*, 10 F.3d 425 (7th Cir. 1993), and *Israel Aircraft Indus. Ltd. v. Sanwa Business Credit Corp.*, 16 F.3d 198, 202 (7th Cir. 1994); *see also* 14A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3661 (3d ed. 1998)(stating "the presence of aliens in the action as additional parties, even if on both sides of the controversy, does not destroy diversity jurisdiction *provided that there are diverse domestic citizens on both sides of the case*.").  The Court has no subject matter jurisdiction in this matter; therefore, the Court will grant defendants' motion to dismiss without prejudice.

**II.   Stoughton's Summary Judgment Motion**

Because the Court finds it lacks subject matter jurisdiction over this matter, the Court will not address the merits of Stoughton's summary judgment motion.  The Court will deny as moot Stoughton's summary judgment motion, without prejudice.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 29th day of October, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
  LYLE E. STROM, Senior Judge
  United States District Court